Mr. Richard S. Taylor, Jr. Longwood City Attorney 175 West Warren Avenue Longwood, Florida 32750-4197
Dear Mr. Taylor:
On behalf of the City Clerk of the City of Longwood, you ask substantially the following question:
Are candidate petition cards on which an individual has designated a change of address confidential and exempt from the public records law?
In sum:
The designation that a change of address has occurred does not make a candidate petition card a voter registration record that is otherwise subject to restrictions on inspection and copying under the Florida Election Code.
This office recently concluded that verified petition cards submitted by a candidate qualifying by the alternative method are not registration records subject to restrictions on inspection and copying under the Florida Election Code.[1] The candidate petition card prescribed by the Department of State and used by the City of Longwood contains check-off boxes at the bottom to designate whether it is a change of address for voter registration. You question whether, in the event an individual checks the "Yes" box, the petition card becomes voter registration information subject to restrictions on inspection and copying under the Florida Election Code.
In Division of Elections Opinion 98-09, the division considered whether an alternative method petition card indicating a change of address satisfied the requirement that address changes be made in writing. The division noted that the uniform statewide voter registration application was acceptable for initial registration, change of address, change of party affiliation, change of name, or replacement of a voter identification card.[2] Another provision of the Florida Election Law, however, allows an elector to notify the supervisor of elections of a change of his or her address to another address in the same county by providing a signed, written notification of such move in order to obtain a new voter identification card.[3] The division concluded that whether the signed, written notice is in the form of a properly executed petition card, a letter, or a handwritten signed note would be immaterial. Accordingly, a signed petition card with a notice of change of address was found to properly notify the supervisor of an elector's change of address within the same county.
Such a change of address designation, however, would not appear to alter the primary purpose of the petition card, i.e., to gather signatures of qualified electors to enable a candidate to qualify by the alternative method. I would note that there are several methods by which a change of address can be identified by the supervisor in order to maintain the voter registration records. For example, section 98.065, Florida Statutes, authorizes the supervisor of elections to use change-of-address information supplied by the United States Postal Service, returned mail sent to registered voters, or jury notices signed by the voter and returned to the courts, which indicate that an elector has moved. Use of these sources to maintain registration records, however, does not alter their primary purposes, nor does it make them voter registration records.
It is my opinion, therefore, that the use of a petition card to indicate a change of address of an elector does not make the petition card a voter registration record subject to restrictions on inspection and copying under the Florida Election Code. Due to possible confusion, however, the Legislature may wish to clarify this matter.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Op. Att'y Gen. Fla. 02-63 (2002).
[2] Section 97.052(1)(a)1.-5., Fla. Stat.
[3] Section 97.1031(1), Fla. Stat.